Lavaud DESMOULINS, et al.,
Plaintiffs–Appellants,

v.

CITY OF NEW YORK, et al.,
Defendants–Appellees,

"John" Carolty, et al., Defendants.

Nos. 09–4514–cv (L), 09–4817–cv (Con).

United States Court of Appeals,
Second Circuit.

Sept. 30, 2010.

Lavaud Desmoulins, pro se, Brooklyn, NY.

Ellen S. Ravitch, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

PRESENT: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, MARK R. KRAVITZ,** District Judge.

### SUMMARY ORDER

Appellant Lavaud Desmoulins appeals from the district court's judgment approving a settlement agreement entered into between Defendants–Appellees and a guardian *ad litem* acting on behalf of Plaintiffs–Appellants. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

We review for abuse of discretion a district court's decision to appoint a guardian *ad litem*, to approve a settlement agreement, and to deny leave to amend a complaint. *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 200 (2d Cir. 2003) (appointment of a guardian *ad litem*); *Neilson v. Colgate–Palmolive Co.*, 199 F.3d 642, 654 (2d Cir.1999) (approval

of a settlement agreement); *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir.2002) (denial of leave to amend). Pursuant to Fed. R. Civ. P. 17(c)(2), "[t]he court must appoint a guardian ad litem— or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." In approving a settlement agreement, the district court should "determine whether a proposed settlement is fair, reasonable, and adequate, by comparing the terms of the compromise with the likely rewards of litigation." *Neilson*, 199 F.3d at 654 (internal quotations and alterations omitted).

Here, in appointing a guardian *ad litem*, the magistrate judge carefully considered Desmoulins's ability to prosecute his rights and make rational decisions in light of numerous factors, including subpoenaed medical records documenting his mental health issues. Additionally, in proposing a settlement agreement, Desmoulins's guardian *ad litem* thoroughly considered the fairness and adequacy of the agreement in light of the risks of continued litigation. Under these circumstances, the conclusory assertions in Desmoulins's brief provide no basis for determining that the magistrate judge abused his discretion in appointing a guardian *ad litem* or approving the settlement agreement. Additionally, the magistrate judge did not abuse his discretion in denying Desmoulins's *pro se* motion to file a second amended complaint, because, at the time that the motion was terminated, a settlement agreement had already been entered into by Defendants–Appellees and Plaintiffs–Appellants, represented by their guardian *ad litem*.

Finally, contrary to the assertions in Desmoulins's brief, there is no indication that his subpoenaed medical records were

** The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

tampered with or improperly distributed. Accordingly, the judgment of the district court is hereby **AFFIRMED.**